# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL BAKER, | ) |
| Plaintiff, | ) |
| v. | ) Jury Demand Endorsed Herein |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Michael Baker, by and through undersigned counsel, and for his Complaint against the Defendant, Equifax Information Services, LLC, he states and avers as follows:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff against Defendant for the willful, knowing, and/or negligent violation of, *inter alia*, Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.*, known as the *Fair Credit Reporting Act* ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

## PARTIES

2. Michael Baker ("Plaintiff") is a natural person that resides in Kansas City, Missouri.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Equifax Information Services, LLC ("Equifax") is foreign limited liability company that regularly transacts business in Missouri through its registered agent, CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

5. Equifax is a national consumer reporting agency as defined by the FCRA, 15 U.S.C. §

1681a(f).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681*p*.

7. Venue in this District is proper because Plaintiff resides in this District, Defendants transact business in this District, and the conduct complained of occurred in this District.

## BACKGROUND AND FACTUAL ALLEGATIONS

8. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

9. In early 2014, Plaintiff was struggling to make ends meet financially, and fell behind on many of his financial obligations. This included a credit card issued by Credit One Bank, N.A. ("Credit One").

10. The Credit One account was eventually charged off and sold to a collection company.

11. By 2018, Plaintiff was in a better place financially and contacted the collection company and paid off the Credit One balance.

12. In September 2018, Plaintiff obtained a copy of his credit report to see if the Credit One account had been adjusted to reflect the recent payment.

13. However, Plaintiff was surprised to see that two separate Credit One accounts were reporting to his Equifax credit file.

14. This confused Plaintiff, because he only ever opened one Credit One credit card account.

15. After reviewing his other credit reports with Experian and Trans Union, Plaintiff determined this was only an issue with his Equifax credit report.

16. It appeared Equifax was duplicating his Credit One account, making it look like he had two separate past due, charged off credit card accounts.

17. On or about September 27, 2018, Plaintiff contacted Equifax by letter to dispute the inaccurate duplication of the Credit One account.

18. Pursuant to 15 U.S.C. § 1681i(a)(2) of the FCRA, Equifax was then required to reasonably investigate Plaintiff's dispute.

19. Plaintiff received a written response from Equifax on October 18, 2018. Equifax stated that the duplicated account was deleted from Plaintiff's file.

20. Plaintiff was skeptical and obtained another copy of his Equifax credit report on November 1, 2018.

21. Plaintiff was shocked to see that despite Equifax's representations that the issue was resolved, the Credit One account was still appearing on his credit report as two separate accounts.

22. Plaintiff was discouraged and dismayed. He was already embarrassed at letting this account get past due in the first place. Why was Equifax compounding the problem by duplicating the account? Why wouldn't they remove the inaccurate credit reporting as required?

23. Determined to get this problem fixed, on November 27, 2019, Plaintiff sent another letter to Equifax disputing the two Credit One accounts.

24. Again, Equifax responded by written letter dated December 17, 2018, this time stating that the Credit One account was reporting as a single entry and no duplicate account was located.

25. Plaintiff obtained another copy of his Equifax credit file on January 2, 2019 to double-check that the issue was resolved.

26. Yet again, the credit report listed two separate Credit One accounts. The issue was still not resolved.

27. Plaintiff sent a final dispute letter to Equifax on January 3, 2019, again requesting removal of the duplicated Credit One account.

28. However, this time, Equifax did not respond to Plaintiff's dispute.

29. Upon review of yet another Equifax report, Plaintiff confirmed what he feared – that the duplicated accounts remained.

30. Plaintiff was at a loss as to how to follow – let alone combat – Equifax's logic in allowing the duplicated account to continue to report.

31. After contacting Equifax repeatedly to fix this issue without success, Plaintiff fears that he will not be able to obtain an accurate credit report and will continue to lose out on credit opportunities.

32. Plaintiff has lost all trust in the credit reporting system and believes that litigation is his only option to fix this reporting issue.

## CLAIM FOR RELIEF

**Negligent and Willful Violations of 15 US.C. § 1681i(a) and e(b) by Equifax**

33. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

34. A "consumer reporting agency" is defined by the FCRA as follows:

35. [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

36. Equifax is a "consumer reporting agency" as defined by the FCRA.

37. Section 1681n of the FCRA imposes civil liability on any entity "who willfully fails to comply with any requirement" of the Act. *See* 15 U.S.C. § 1681n(a).

38. Section 1681o of the FCRA provides for civil liability against any entity that is negligent in failing to comply with any requirement imposed under the Act.

39. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681*i*(a)(1). The Act imposes a 30-day time limitation for the completing of such an investigation. *Id.*

40. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681*i*(a)(5)(A).

41. If information is deleted from a consumer's file following a dispute, "the information may not be reinserted in the file" unless the CRA certifies that the information is complete and accurate and, even then, the CRA "shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion[.]" *See* 15 U.S.C. § 1681*i*(a)(5)(B).

**Equifax's Reasonable Reinvestigation Violations**

42. By letters dated September 27, 2018, November 27, 2018, and January 3, 2019, Plaintiff disputed the inaccurate duplication of his Credit One account on his Equifax credit report.

43. Plaintiff specifically advised Equifax that a mistake had been made, provided all necessary information to Equifax to support same, and requested the trade line be updated accordingly.

44. Either Equifax conducted no investigation of Plaintiff's disputes, or such "investigations" were so lacking as to allow objectively false and highly damaging information to remain in Plaintiff's credit file.

45. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Equifax willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1).

46. As a direct and proximate result of Equifax's repeated disregard for each of Plaintiff's disputes, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

47. As a direct and proximate result of Equifax's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to economic and noneconomic loss such as loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

48. Upon information and belief, Equifax has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in such files, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

49. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681*n*.

**Failure To Follow Reasonable Procedures
To Assure Maximum Possible Accuracy**

50. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

51. On numerous occasions, Equifax has prepared a patently false consumer report concerning Plaintiff.

52. Despite actual and implied knowledge that the Credit One account was being duplicated, Equifax readily sold inaccurate reports to one or more third parties without regard to the accuracy or inaccuracy of what Equifax reported.

53. On each such instance, Equifax willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of Section 1681e(b).

54. Through Plaintiff's communications with Equifax, Equifax knew, or had sufficient reason to know, that when it prepared and sold a consumer report about Plaintiff, the information it was circulating was inaccurate and damaging to Plaintiff. Nevertheless, Equifax took no measure to stop painting a false and damaging picture about Plaintiff.

55. Plaintiff has suffered out-of-pocket loss as a result of Equifax's willful and/or negligent violations of the FCRA including, without limitation, the premiums Plaintiff must spend for a credit monitoring service – a credit monitoring service that, ironically, further lined Equifax's pockets.

56. As a direct and proximate result of Equifax's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to economic and noneconomic loss such as loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of actual

damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

57. Upon information and belief, Equifax has exhibited a pattern of refusing to follow reasonable procedures as mandated by the FCRA, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

58. Equifax's pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff to statutory damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(2).

**WHEREFORE** Plaintiff prays for judgment in his favor and against Equifax, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorneys' fees and costs; and

(e) Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

**By: s/Andrew M. Esselman**
Andrew M. Esselman #64837
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
T: (816) 246-7800
F: (855) 523-6884
andrewe@creditlawcenter.com
Attorney for Plaintiff